UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:19-CV-710-RGJ

| | |
|---|---|
| CARRIE BLAKENSHIP | Plaintiff |
| v. | |
| GUIDEONE MUTUAL INSURANCE COMPANY | Defendant |

\* \* \* \* \*

## MEMORANDUM, OPINION AND ORDER

Carrie Blankenship ("Blankenship" or "Plaintiff") moved for summary judgment [DE 50]. Blankenship then moved to supplement [DE 54] and replace her Motion for Summary Judgment with an Amended Motion for Summary Judgment [DE 54-15]. GuideOne Mutual Insurance Company ("GuideOne") filed a response to Plaintiff's Motion for Summary Judgment [DE 62] and Plaintiff replied [DE 67]. GuideOne moved for summary judgment [DE 60] and moved for leave to exceed the page limit [DE 58]. GuideOne also moved to seal exhibits 14 and 21 [DE 59] attached to its Motion for Summary Judgment. Plaintiff responded [DE 70] and moved for leave to exceed the page limit [DE 69]. GuideOne replied [DE 71-1] and moved for leave to exceed the page limit. [DE 71]. GuideOne then moved to strike and substitute its Reply [DE 72] with a corrected version [DE 72-1]. Briefing is complete, and the matter is ripe. For the reasons below, the Court **DENIES AS MOOT** Plaintiff's Amended Motion for Summary Judgment [DE 54-15], **GRANTS** Plaintiff's Motion to Supplement [DE 54], **GRANTS** GuideOne's Motion for Leave to Exceed the Page Limit [DE 58], **GRANTS** GuideOne's Motion for Leave to Seal Exhibits 14 and 21 [DE 59], **GRANTS** GuideOne's Motion for Summary Judgment [DE 60], **GRANTS** Plaintiff's

Motion to Exceed the Page Limitation [DE 69], **GRANTS** GuideOne's Motion to Exceed the Page Limit [DE 71], and **GRANTS** GuideOne's Motion to Strike and Substitute [DE 72].

## I.  BACKGROUND

Blankenship was the director of Kidz University, Inc. (the "Daycare"). [DE 54-15 at 1361]. In May 2015, Child Protective Services ("CPS") received a complaint from Rhonda Beinlein, a parent of J.T. who attended the Daycare, alleging that Blankenship abused J.T. [DE 60-1 at 1404]. In response, CPS investigated and then referred the report it to the Louisville Metro Police Department ("LMPD"), which performed a criminal investigation. [*Id.* at 1404–405]. Blankenship ultimately pleaded guilty to two counts of Assault in the Fourth Degree, Child Abuse in violation of Kentucky Revised Statute 508.030. [*Id.* at 1405]. Nikoletta Nunley ("Nunley") worked with Blankenship at the Daycare and also abused J.T. [*Id.* at 1406]. Although Nunley admitted to abusing J.T., Nunley was never criminally charged because authorities were unable to locate her. [*Id.*].

### A. The *Ensey* Lawsuit and GuideOne's Denial of Coverage

On December 22, 2015, Lisa Ensey sued the Daycare, David Pitts, and Blankenship in Jefferson Circuit Court (the "*Ensey* Lawsuit) for Blankenship's alleged abuse of her minor child, D.E. [*Id.* at 1407]. The original complaint against Blankenship asserts: (1) assault and battery; (2) negligence *per se* based on violations of KRS 508.030, KRS 620.030, 922 KAR 2:090, 922 KAR 2:110, and 922 KAR 2:120; and (3) outrageous conduct/intentional infliction of emotional distress. [DE 60-7]. Blankenship, acting *pro se*, filed an Answer without notifying GuideOne of the lawsuit. [DE 60-1 at 1408]. The First Amended Complaint in the *Ensey* Lawsuit added allegations that Nunley committed the same offenses as Blankenship and asserted a claim of failure to train and supervise against Blankenship. [DE 54-8]. That said, Nunley was not listed a

defendant in the *Ensey* Lawsuit and no evidence was presented indicating that Nunley abused D.E. [DE 60-1 at 1412].

GuideOne insured Rock Cosmopolitan Church and Kidz University, LLC from April 16, 2015 to April 16, 2016 (the "GuideOne Policy").[1] On October 18, 2016, Blankenship contacted GuideOne seeking a defense. [DE 60-12]. Less than a month later, GuideOne denied coverage to Blankenship asserting that the allegations against Blankenship were outside the scope of the insurance policy. [DE 60-13 at 1613].

The *Ensey* Lawsuit proceeded to trial against Blankenship, who continued to represent herself *pro se*. [DE 60-1 at 1411]. The jury was instructed on claims for negligence, negligent supervision, and negligence *per se*. [DE 54-15 at 1362]. GuideOne claims that the plaintiffs in the *Ensey* Lawsuit "never pleaded, nor was GuideOne ever put on notice, of an ordinary negligence claim against Blankenship." [DE 60-1 at 1414]. The jury found that Blankenship failed to (1) supervise students, (2) supervise and train staff at Kidz University, and (3) comply with the rules and regulations of the Commonwealth of Kentucky. [DE 50-2 at 755]. The jury awarded $4 million in damages to D.E. and J.T. [DE 54-15 at 1362].

**B. The *Beinlein* Lawsuit**

On September 22, 2017, Rhonda Beinlein, on behalf of H.B and N.B., sued the Daycare, David Pitts, Blankenship, David Pitts, Jr., Rock Cosmopolitan Church, Inc., and Nunley in Jefferson Circuit Court (the "*Beinlein* Lawsuit"). [DE 60-1 at 1414]. Plaintiffs in the *Beinlein* Lawsuit alleged a cause of action for negligent infliction of emotional distress [DE 54-15 at 1362], but there were no allegations of physical abuse by Blankenship against H.B. or N.B. [DE 60-1 at 1414]. Blankenship failed to enter an appearance, so Judge Shaw awarded a default judgment

---

[1] [*Id.* at 1418]. The Court dismissed with prejudice Shelter General Insurance Company and Shelter Mutual Insurance Company. [DE 33 at 392]. The only remaining Defendant is GuideOne.

against Blankenship totaling $650,000.  [DE 50-3].  Subsequently, GuideOne settled all claims against Daycare, David Pitts, Blankenship, David Pitts, Jr., and Rock Cosmopolitan Church, Inc. except for alleged vicarious liability claims related to Blankenship.  [DE 60-1 at 1418].

Blankenship filed a Complaint against GuideOne arguing she was entitled to defense and indemnity under the GuideOne Policy for claims and damages against her in the *Ensey* Lawsuit and the *Beinlein* Lawsuit.  These cases were consolidated into this action.  [DE 48].  Blankenship asserts causes of action for breach of contract, contractual breach of the implied covenant of good faith and fair dealing, tortious breach of the implied covenant of good faith and fair dealing, bad-faith in violation of KRS 304.12-230, unfair trade practices, intentional infliction of emotional distress, negligent infliction of emotional distress, and breach of duty to defend.  [DE 1-3].  The parties have now filed competing motions for summary judgment.  [DE 54-15, 60-1].

## II. GUIDEONE'S MOTION FOR SUMMARY JUDGMENT

GuideOne moves for summary judgment on all eight claims asserted by Blankenship.  [DE 60-1].  GuideOne asserts that it did not breach its duty to defend Blankenship in the underlying *Ensey* Lawsuit or *Beinlein* Lawsuit, a foundational component of Blankenship's claims.  [*Id.* at 1421].  Because GuideOne did not breach its duty to defend Blankenship, all her underlying causes of action must fail.  [*Id.*]

### A. Summary Judgment Standard

Summary judgment is required when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party bears the burden of specifying the basis for its motion and showing the lack of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Once the moving party satisfies this burden, the nonmoving party must produce specific facts showing a material issue of

4

fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Factual differences are not considered material unless the differences are such that a reasonable jury could find for the party contesting the summary judgment motion. *Id.* at 252.

The Court must view the evidence and draw all reasonable inferences in a light most favorable to the nonmoving party. *Williams v. Int'l Paper Co.*, 227 F.3d 706, 710 (6th Cir. 2000). But the nonmoving party must do more than show some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party must present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" *Shreve v. Franklin Cnty., Ohio*, 743 F.3d 126, 136 (6th Cir. 2014). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Liberty Lobby*, 477 U.S. at 252.

Rule 56(c)(1) requires that a "party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

### B. Blankenship's Breach of Contract Claim

"As a general rule, interpretation of an insurance contract is a matter of law for the court." *Stone v. Ky. Farm Bureau Mut. Ins. Co.*, 34 S.W.3d 809, 810 (Ky. App. 2000) (citing *Morganfield Nat'l Bank v. Damien Elder & Sons*, 836 S.W.2d 893, 895 (Ky. 1992)). Interpreting the contract

5

requires federal courts to "apply Kentucky law in accordance with the controlling decisions of the Supreme Court of Kentucky."

"Insurance companies must defend insureds when 'the language of the complaint would bring it within the policy coverage regardless of the merits of the action.' . . . And the 'determination of whether a defense is required must be made at the outset of the litigation.'" *State Farm Fire & Cas. Co. v. Estes*, 133 F. Supp. 3d 893, 896 (W.D. Ky. 2015) (quoting *James Graham Brown Found. v. St. Paul Fire & Marine Ins., Co.*, 814 S.W.2d 273, 279 (Ky. 1991)). But, if there is no possibility of coverage, there is no duty to defend or to indemnify. *See Thompson v. West Am. Ins. Co.*, 839 S.W.2d 579, 581 (Ky. App. 1992).

*1. Whether Claims Against Blankenship Arising Out of Assault and Battery Are Covered by the GuideOne Policy.*

GuideOne argues that it did not violate its duty to defend Blankenship because Blankenship's assault and mistreatment of the minor plaintiffs was not covered by the GuideOne Policy. [DE 60-1 at 1428]. Blankenship claims GuideOne failed to prove that coverage was excluded because her conduct was not necessarily "intentional," and that the pleadings fell within the GuideOne Policy's coverage. [DE 70 at 1941].

a. The "Occurrence" Requirement and Collateral Estoppel

The GuideOne Policy applies to "bodily injury" and "property damage" only if "[t]he 'bodily injury' or 'property damage' is caused by an 'occurrence.'" [DE 60-24 at 1769]. But, under the policy, GuideOne has "no duty to defend the insured against any 'suit' seeking 'damages' for 'bodily injury' or 'property damage' to which [the GuideOne Policy] does not apply." [*Id.*] To trigger coverage under the GuideOne Policy, there must be an "occurrence," which is defined as "an accident, including continuous or repeated exposure to substantially the same general

6

harmful conditions." [*Id.* at 1788]. Blankenship argues that this case boils down to whether there was coverage or an "occurrence" under the GuideOne Policy. [DE 54-15 at 1368].

The word "accident" has no technical meaning in the case law; therefore, it should be accorded its plain meaning. *Westfield Ins. Co. v. B.H. Green & Son, Inc.*, 2013 WL 5278243, at *4 (W.D. Ky. Sept. 18, 2013) (citing *Cincinnati Ins. Co. v. Motorist Mot. Ins. Co.*, 306 S.W.3d 69, 74 (Ky. 2010)). "An accident is generally understood as an unfortunate consequence which befalls an actor through his inattention, carelessness or perhaps for no explicable reason at all. The result is not a product of desire and is perforce accidental." *Fryman v. Pilot Life Ins. Co.*, 704 S.W.2d 205, 206 (Ky. 1986). Yet "a consequence which is a result of a plan, desire or intent, is commonly understood as not accidental." *Id.*

As support for their assertion that Blankenship's conduct was not accidental, GuideOne cites Blankenship's guilty plea. [DE 60-1 at 1425]. GuideOne argues that Blankenship's guilty plea estops her from arguing that her actions may have been an accident covered by the GuideOne Policy. [*Id.*] Blankenship contends that the guilty plea does not prevent her from claiming her actions were covered because pleading guilty to fourth degree assault does not require an admission of intentional conduct. [DE 70 at 1948]. Blankenship pleaded guilty to two counts of assault in the fourth degree, child abuse in violation of Kentucky Revised Statute 508.030. [DE 60-1 at 1405]. A person is guilty of assault in the fourth degree if she "intentionally *or wantonly* causes physical injury to another person[.]" KY. REV. STAT. ANN. § 508.030(1)(a) (emphasis added).

"Under Kentucky law, 'a criminal conviction may [in certain circumstances] be used for purposes of collateral estoppel in later civil proceedings.'" *Cox v. Holbert*, CIVIL ACTION NO. 3:14-CV-00637-CRS, 2016 WL 4146146, at *6 (W.D. Ky. Aug. 3, 2016) (alteration in original)

7

(quoting *Gossage v. Roberts*, 904 S.W.2d 246, 248 (Ky. App. 1995)). "Thus, when a defendant pleads guilty, he admits and is estopped from relitigating the material facts alleged in the information or indictment[.]" *In re ClassicStar Mare Lease Litig.*, 823 F. Supp. 2d 599, 622 (E.D. Ky. 2011). That said, Blankenship correctly argues that her guilty plea does not estop her from arguing that her actions were less than intentional. Wanton conduct does not mean that the person acted with intention to bring about the result. *See Elliott v. Commonwealth*, 976 S.W.2d 416, 418 (Ky. 1998) (describing the differences between wanton and intentional conduct). Pleading guilty to assault fourth degree is an admission of intentional or wanton conduct. KY. REV. STAT. ANN. § 508.030(1)(a). Blankenship may argue that her actions were an accident without contradicting her prior conviction for fourth degree assault because she did not necessarily plead guilty to intentional conduct. For that reason, the Court cannot grant summary judgment based on GuideOne's claim that Blankenship is estopped from arguing that her conduct was not an accident.

### b. The Expected or Intended Injury Exclusion

GuideOne argues that Blankenship's actions were not covered by the GuideOne Policy because of the "Expected or Intended Injury" exclusion. [DE 60-1 at 1428]. Blankenship counters that GuideOne cannot satisfy the requirements of the exclusion. [DE 70 at 1949]. The GuideOne Policy does not apply to any "'[b]odily injury' or 'property damage' expected or intended from the standpoint of the insured." [DE 60-24 at 1770]. Complaints filed in the *Ensey* Lawsuit [DE 42-3 at 442] and the *Beinlein* Lawsuit [DE 42-6 at 477] allege that Blankenship acted intentionally or wantonly.

"Kentucky law counsels that the Court apply three tests in determining whether an act falls into this type of policy exclusion:

> (1) It is necessary that the insured intend both the act as well as intending to cause bodily injury in order for the exclusion to apply.

> (2) Intent may be actual or inferred by the nature of the act and the accompanying reasonable foreseeability of harm.
>
> (3) Once it is found that harm was intended, it is immaterial that the actual harm caused is of a different character or magnitude than that intended."

*Ohio Farmers Ins. Co. v. Edwards*, No. 1:03CV-168-R, 2006 WL 8456583, at *1–2 (W.D. Ky. Jan. 13, 2006) (citing *Willis v. Hamilton Mut. Ins. Co.*, 614 S.W.2d 251, 252 (Ky. 1981)).

The conviction establishes that Blankenship at least acted wantonly, and "[o]ne can and should expect injury from wanton conduct." *Id.* at 2. In *Edwards*, the Western District of Kentucky held that fourth degree assault convictions, including guilty pleas, constitute a judicially determined fact that the person seeking coverage either intentionally or wantonly caused physical injury. *See id.* at 2–3. *Edwards* is not the only case in which this Court has granted summary judgment under the expected or intended injury exclusions where a prior conviction suggested that the plaintiff acted intentionally or wantonly. *See, e.g.*, *Maxum Indem. Co. v. Broken Spoke Bar & Grill, LLC*, 420 F. Supp. 3d 617 (W.D. Ky. 2019). Because Blankenship's conviction indicated that she intentionally or wantonly injured the minor plaintiffs, claims arising from Blankenship's assault and battery, negligence *per se* based on violations of KRS 508.030, KRS 620.030, 922 KAR 2:090, 922 KAR 2:110, and 922 KAR 2:120; and outrageous conduct/intentional infliction of emotional distress are not covered by the GuideOne Policy.

### 2. Whether Claims Against Blankenship for Negligent Training and Negligent Supervision Are Covered by the GuideOne Policy.

Claims against Blankenship for negligent training and negligent supervision arise out of her training and supervision of Nunley while employed at the Daycare. [DE 54-15 at 1362]. GuideOne argues that it did not violate its duty to defend Blankenship because claims against Blankenship for negligent training and negligent supervision were not covered by the GuideOne

Policy. [DE 60-1 at 1431–32]. Blankenship argues that GuideOne's reliance on exclusions in the GuideOne policy is flawed and contrary to the case law. [DE 70 at 1952].

### a. The "Arising Out of" Exclusion

The GuideOne Policy excludes coverage for "[a]ny liability arising out of the willful or intentional violation of any statute or regulation including but not limited to the fines and penalties assessed by a court or regulatory authority." [DE 60-24 at 1778]. There is ample evidence in the record to indicate that Nunley's actions were willfully and intentionally in violation of the law. Complaints in the *Ensey* Lawsuit [DE 42-3 at 444] and *Beinlein* Lawsuit [DE 42-6 at 479] both allege that Nunley's actions were criminal. The parties do not dispute that Nunley's actions constituted intentional abuse, but she was not charged simply because authorities could not locate her. [DE 60-1 at 1406]. GuideOne argues that claims of negligent supervision and training that arise out of underlying violations, similar to Nunley's, are excluded from coverage. [*Id.* at 1431].

GuideOne and Blankenship cite conflicting case law about whether the "arising out of" exclusion applies to claims against Blankenship for negligent supervision and negligent training. In *Robinson v. Monroe Guar. Ins. Co.*, the mother of a preschool attendee sued the preschool and the preschool owner alleging, among other things, negligent hiring, training, and supervision of the preschool. No. 2016-CA-1667-MR, 2019 WL 3050522, at 2–3 (Ky. App. 2006). The plaintiff alleged that her daughter had been sexually assaulted by the preschool director and his son. *Id.* at 2. The preschool's insurer sought a declaratory judgment on its duties to defend and indemnify parties related to the claim. *Id.* 2–3. The insurer moved for summary judgment arguing that it had no duty to indemnify or defend because the claims arose out of the violation of a statute, which was excluded under the policy. *See id.* at 4.

On review by the Kentucky Court of Appeals, the plaintiff argued that the "arising out of" exclusion did not apply because the allegations in the complaint relied on negligence. *See id.* at 4. The plaintiff relied on *Kentucky Sch. Bds. Ins. Tr. v. Board of Educ. of Woodford Cnty.*, No. 2002-CA-001748-MR, 2003 WL 22520018 (Ky. App. Nov. 7, 2003)—an unpublished opinion where the Court reviewed whether a similar exclusion applied to a student molested by a teacher and sued the school board for negligence in failing to provide a safe school environment. *Id.* The Court held the exclusions did not apply because the student's negligence claims against the board did not "arise out" of the sexual assault. *Id.* at 11. The assault was not directly caused by the school board and "when negligence allows a crime to occur, the claim against the negligent party arises from the negligence rather than the criminality." *Id.*

The Court of Appeals rejected the *Woodford County* analysis. *See Robinson*, 2019 WL 3050522, at *4. Instead, the Court relied on *Hugenberg v. West Am. Ins. Co./Oh. Cas. Grp.*, 249 S.W.3d 174 (Ky. App. 2006)—a published opinion that took a broader interpretation of "arising out of" exclusions. In *Hugenberg*, the parents of a teenaged passenger injured in a car accident sued the parents of the teenaged driver for negligent supervision. *Id.* at 180. The homeowner's insurance policy of the driver's parents contained an exclusion for bodily injury arising out of the use of a motor vehicle by an insured. *Id.* at 185–86. The insurer asserted that the exclusion did not apply because the negligent supervision claim against the parents did not "arise out of" their use of a motor vehicle. *Id.* at 187. The Court held that the negligent supervision claim was based on the bodily injury suffered by the passenger. *Id.* It reasoned that "no cause of action lies for negligence unless the plaintiff has suffered a legally-cognizable injury or damage." *Id.* If not for the driver's losing control of the car and injuring the passenger, there could be no claim of negligent supervision against the driver's parents because the passenger would have suffered no

11

injury, an essential element of the tort. *Id.* Applying *Hugenberg*, the *Robinson* Court held "but for the physical and physiological injuries [the child] sustained as a result of the assault by the unknown assailant, she would have no negligence claims to assert against [the preschool]." *Robinson*, 2019 WL 3050522, at *4. Ultimately, the Kentucky Court of Appeals held that "[t]he allegations of the complaint cannot compel a defense if coverage does not exist. The obligation to defend arises out of the insurance contract, not from the allegations of the complaint against the insured." *Id.* (quoting *Thompson*, 839 S.W.2d at 581).

There is ample evidence that Nunley's actions we intentional, criminal violations of Kentucky statutes and regulations. Blankenship's liability for negligent supervision and negligent training of Nunley "arose out of" Nunley's violations because no cause of action for negligence against Blankenship can exist unless the Nunley violated a statute or regulation. *See Robinson*, 2019 WL 3050522, at *4. Blankenship argues that the Court should follow the Kentucky Court of Appeals' analysis in *Woodford County*. [DE 70 at 1953]. Yet the same Court explicitly rejected in the *Woodford County* analysis in favor of the *Hugenberg* analysis, a published opinion issued after *Woodford County*. *See Robinson*, 2019 WL 3050522, at *4. As a result, GuideOne correctly cites *Robinson* and *Hugenberg* as the controlling precedent. If not for Nunley's abuse, which violated statutes and regulations, there could be no claim against Blankenship. Claims against Blankenship for negligent supervision and training arise out of Nunley's actions. *Hugenberg*, 249 S.W.3d at 187. Because the "arising out of" exclusion applies, claims against Blankenship for negligent supervision and negligent training are not covered by the GuideOne Policy.

### 3. *GuideOne's Duty to Defend and Indemnify Blankenship.*

Blankenship claims GuideOne breached its duty to defend because Blankenship's actions could have constituted an "occurrence" under the GuideOne Policy. [DE 54-15 at 1368].

12

GuideOne argues that no duty to defend or indemnify Blankenship ever arose because there was no possibility of coverage. [DE 60-1 at 1423]. Both parties moved for summary judgment on this claim.

GuideOne did not breach its duty to defend or indemnify. As explained above, none of the claims asserted against Blankenship were covered by the GuideOne Policy. Claims against Blankenship for her abuse and mistreatment of the minor plaintiffs were excluded from coverage under the expected or intended injury exclusion. *See Edwards*, 2006 WL 8456583, at 1–2. Under the applicable Kentucky case law, claims against Blankenship for negligent supervision and negligent training were excluded because they arose out of Nunley's actions. *See Hugenberg*, 249 S.W.3d at 187. GuideOne made a determination at the start of these cases that claims against Blankenship's were not covered by the GuideOne Policy, which it is entitled to do. *Estes*, 133 F. Supp. 3d at 896. Contrary to Blankenship's claims in her Amended Motion for Summary Judgment, GuideOne had no duty to defend or indemnify because there was no possibility of coverage. *See Thompson*, 839 S.W.2d at 581. As a result, GuideOne's Motion for Summary Judgment [DE 60-1] on Count I and Count 8 is **GRANTED**.

### C. Blankenship's Claims Arising from Bad Faith

Blankenship asserted causes of action against GuideOne for contractual breach of implied covenant of good faith and fair dealing (Count 2), tortious breach of the implied covenant of good faith and fair dealing (Count 3), and bad-faith in violation of KRS 304.12-230 (Count 4). [DE 1-3 at 19–20]. GuideOne has moved for summary judgment arguing that Blankenship failed to meet the evidentiary threshold and cannot satisfy the elements of her claim. [DE 60-1]. The Kentucky Supreme Court "gathered all of the bad faith liability theories under one roof and established a test applicable to all bad faith actions," whether based on common law or statute. *Indiana Ins. Co. v.*

*Demetre*, 527 S.W.3d 12, 25-26 (Ky. 2017) (citing *Wittmer v. Jones*, 864 S.W.2d 885 (Ky. 1993)). These claims are thus addressed together.

Before a cause of action for bad-faith can exist, there must be evidence of to support punitive damages. *Guaranty Nat. Ins. Co. v. George*, 953 S.W.2d 946, 949 (Ky. 1997). "The evidentiary threshold is high for bad faith claims." *Mosley v. Arch Specialty Fire Ins. Co.*, 2018 WL 4649846, at *7 (Ky. App. Sept. 28, 2018). To state a claim for bad faith, the insured must prove three elements to prevail against an insurance company: "(1) the insurer must be obligated to pay the claim under the terms of the policy; (2) the insurer must lack a reasonable basis in law or fact for denying the claim; and (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed." *Wittmer*, 864 S.W.2d at 890 (citing *Curry v. Fireman's Fund Ins. Co.*, 784 S.W.2d 176 (Ky. 1989)).

Although it is unlikely that Blankenship could meet the threshold evidentiary inquiry, she cannot succeed under the three-part test articulated in *Wittmer*. The Court has held that Blankenship's actions were not covered under the GuideOne Policy. As a result, Blankenship has failed to prove the first element of her bad faith claims. *See id.* Blankenship argues that the Court should follow *Point/Arc of N. Kentucky, Inc. v. Philadelphia Indem. Co.*, 154 F. Supp. 3d 503 (E.D. Ky. 2015). However, in that case, the Court held that the insurer was obligated to pay under the insurance policy. *Id.* at 516. For that reason, the Court cannot rely of *Point/Arc*. Because Blankenship has failed to prove that her actions were covered by the GuideOne Policy, GuideOne's Motion for Summary Judgment [DE 60-1] related to Counts 2–4 is **GRANTED**.

### D. Blankenship's Unfair Trade Practices Claim

Blankenship asserted a cause of action against GuideOne for unfair trade practices for its failure to settle claims against Blankenship in the *Ensey* Lawsuit and the *Beinlein* Lawsuit (Count 5). [DE 1-3 at 20–21]. GuideOne has moved for summary judgment. [DE 60-1]. Because Blankenship failed to cite a statute related to her unfair trade practices claim, the Court must assume this claim arises under Kentucky's Consumer Protection Act. *See* KY. REV. STAT. ANN. § 367.170. To state a claim under the Consumer Protection Act, the insured must prove "the same three elements necessary to prove bad faith under Kentucky law." *Wolfe v. State Farm Fire & Cas. Co.*, 2010 WL 4930680, at *3 (W.D. Ky. Nov. 30, 2010) (citing *Baymon v. State Farm Ins. Co.,* 257 Fed. Appx. 858, 863 (6th Cir.2007)). The Court has already held that Blankenship cannot satisfy the three elements necessary to prove bad faith because her actions were not covered by the GuideOne Policy. As a result, GuideOne's motion for summary judgment [DE 60-1] on Count 5 is **GRANTED**.

### E. Blankenship's Intentional Infliction of Emotional Distress ("IIED") Claim

Blankenship asserted a cause of action against GuideOne for IIED (Count 6). [DE 1-3 at 21–22]. GuideOne moves for summary judgment arguing that Blankenship cannot produce evidence to satisfy her burden. [DE 60-1 at 1457]. Blankenship failed to respond GuideOne's Motion for Summary Judgment on her claim for IIED. [DE 70].

To state a claim for IIED the plaintiff must prove: "(1) the wrongdoer's conduct must be intentional or reckless; (2) the conduct must be outrageous and intolerable in that it offends against the generally accepted standards of decency and morality; (3) there must be a causal connection between the wrongdoer's conduct and the emotional distress; and (4) the emotional distress must be severe." *Humana of Ky., Inc. v. Seitz*, 796 S.W.2d 1, 2–3 (Ky. 1990).

First, Blankenship has failed to produce evidence that GuideOne's conduct was either intentional or reckless. The Court has held that Blankenship's actions were not covered by the GuideOne Policy. So GuideOne was within its rights to refuse to defend or indemnify Blankenship.

Second, the Court must determine whether GuideOne's conduct was "extreme and outrageous." *Bevins v. Dollar Gen. Corp.*, 952 F. Supp. 504, 511 (E.D. Ky. 1997). For conduct to be considered "extreme and outrageous" it must be "so outrageous in character and so extreme in degree, as to go beyond all possible bound of decency. . ." *Bennington v. Pettit Envtl., Inc.*, 183 S.W.3d 567, 574 (Ky. App. 2005) (citing *Humana*, 796 S.W.2d at 3). Courts in the Sixth Circuit have previously dismissed IIED claims based on allegations of insurance companies' conduct in coverage disputes. *See, e.g.*, *Torres v. American Emps. Ins. Co.*, 151 F. App'x 402, 413 (6th Cir. 2015). Blankenship has failed to produce evidence that GuideOne's conduct was "extreme and outrageous." *See Bevins*, 952 F. Supp. at 511. GuideOne denied coverage under the GuideOne Policy and refused to defend or indemnify Blankenship. That said, the Sixth Circuit has held that IIED claims based on coverage disputes may be dismissed. *See Torress*, 151 F. App'x at 413. Blankenship has failed to satisfy the second element of IIED.

As for the third and fourth elements of Blankenship's IIED claim, GuideOne disputes whether there is sufficient evidence that Blankenship suffered severe emotional distress or that there was a causal connection. [DE 60-1 at 1458]. To meet the standard of severe emotional distress the injured party must suffer distress that is "substantially more than mere sorrow." *Benningfield v. Pettit Envtl., Inc.*, 183 S.W.3d 576, 574 (Ky. App. 2005) (citing *Gilbert v. Barkes*, 987 S.W.2d 772, 777 (Ky. 1999)). In her interrogatories, Blankenship claims she treated for emotional distress as a result of GuideOne's denial of coverage. [DE 60-26 at 1833]. Yet the

16

healthcare records indicate that Blankenship sought treatment in 2015 before the *Ensey* Lawsuit or *Beinlein* Lawsuit. [DE 60-27 at 1837]. As a result, Blankenship has failed to produce evidence to support her claim for IIED. GuideOne's Motion for Summary Judgment [DE 60-1] on Count 6 is **GRANTED**.

### F. Blankenship's Negligent Infliction of Emotional Distress ("NIED") Claim

Blankenship asserted a claim against GuideOne for NIED (Count 7). [DE 1-2 at 22]. GuideOne moves for summary judgment arguing that it did not owe Blankenship a duty. [DE 60-1 at 1459]. Blankenship failed to respond to GuideOne's Motion for Summary Judgment regarding her claim for NIED. [DE 70]. To state a claim for NIED, Blankenship must establish the basic elements of negligence: "(1) the defendant owed a duty of care to the plaintiff, (2) breach of that duty, (3) injury to the plaintiff, and (4) legal causation between the defendant's breach and the plaintiff's injury." *Archey v. AT&T Mobiligy, LLC*, 2017 WL 6614106, at *3 (E.D. Ky. Dec. 26, 2017) (citing *Osborne v. Keeny*, 399 S.W.3d 1, 17 (Ky. 2012)).

As stated above, the Court has held that GuideOne did not owe Blankenship a duty to defend or indemnify. Blankenship has failed to provide evidence of a separate duty that might apply to her claim for NIED. As a result, GuideOne's Motion for Summary Judgment [DE 60-1] on Count 7 is **GRANTED**.

### III. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DE 54-15]

Plaintiff moves this Court for summary judgment. [DE 54-15]. In response to GuideOne's Motion for Summary Judgment, the Court also addressed the merits of Plaintiff's Amended Motion for Summary Judgment. Thus, Plaintiff's Amended Motion for Summary Judgment [DE 54-15] is **DENIED**.

### IV.     PLAINTIFF'S MOTION TO SUPPLEMENT [DE 54]

Plaintiff moves this Court to supplement and substitute her Motion for Summary Judgment [DE 50] with an Amended Motion for Summary Judgment [DE 54-15]. Without objection by GuideOne, Plaintiff's motion to supplement is **GRANTED**.

### V.     GUIDEONE'S MOTION TO EXCEED THE PAGE LIMITATION [DE 58]

GuideOne moves this Court for leave to file pages in excess of the limitation imposed by Local Rule 7.1. [DE 58]. Without objection by Plaintiff, GuideOne's motion to exceed the page limit is **GRANTED**.

### VI.     GUIDEONE'S MOTION FOR LEAVE TO SEAL EXHIBITS 14 & 21 [DE 59]

GuideOne moves this Court for leave to file exhibits 14 and 21 under seal. [DE 59]. Under Local Rule 5.7(c), a party wishing to have a document sealed must move the Court to do so if no federal statute, rule of civil procedure, local rule, or standing order applies. The moving party must state specific reasons why the Court should seal the document and why it deserves protection from public disclosure. *Id.* The Sixth Circuit has long recognized a "strong presumption in favor of openness" for court records, although there are certain interests that overcome this "strong presumption." *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016) (citing *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). In determining whether to seal records, the Court considers the public's interest in the litigation's subject matter, whether the information sought to be sealed is required by statute to be maintained in confidence, and the privacy interests of innocent third parties. *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305, 308 (6th Cir. 2016).

GuideOne moves to seal a copy of the release from the *Ensey* Lawsuit and a copy of the release from the *Beinlein* Lawsuit, which are Exhibit 14 and Exhibit 21 to GuideOne's Motion for

18

Summary Judgment. [DE 59]. These exhibits contain confidential information related to the terms of settlement agreements and releases between GuideOne and parties to the *Ensey* Lawsuit and *Beinlein* Lawsuit. The exhibits also contain confidentiality provisions that may subject the parties to a claim of breach of the settlement agreements. *See, e.g.*, *Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, No. 2:07-cv-116, 2016 WL 9403903, at *1 (S.D. Ohio Aug. 3, 2016). Although there is a presumption of openness, *Rudd Equip. Co.*, 834 F.3d at 593, Plaintiff has not objected to GuideOne's Motion to Seal. Moreover, the interest of the parties in maintaining settlement discussions in confidence is compelling. *See Zwerin v. 533 Short N. LLC*, No. 2:07-cv-116, 2012 WL 5388762, at *3 (S.D. Ohio Nov. 2, 2012) (a confidential settlement agreement that has not become the subject of litigation need not be made public). Without objection by Plaintiff, GuideOne's motion to file Exhibits 14 and 21 under seal is **GRANTED**.

### VII. PLAINTIFF'S MOTION TO EXCEED THE PAGE LIMIT [DE 69]

Plaintiff moves this Court for leave to file pages in excess of the limitation imposed by Local Rule 7.1. [DE 69]. Without objection by GuideOne, Plaintiff's motion to exceed the page limit is **GRANTED**.

### VIII. GUIDEONE'S MOTION TO EXCEED THE PAGE LIMIT [DE 71]

GuideOne moves this Court for leave to file pages in excess of the limitation imposed by Local Rule 7.1. [DE 71]. Without objection by Plaintiff, GuideOne's motion to exceed the page limit is **GRANTED**.

### IX. GUIDEONE'S MOTION TO STRIKE AND SUPPLEMENT [DE 72]

GuideOne moves this Court for to strike the Reply [DE 71-1] and replace it with a corrected version. [DE 72]. Without objection by Plaintiff, GuideOne's motion to strike and supplement is **GRANTED**.

## X. CONCLUSION

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS** that:

1. GuideOne's Motion for Summary Judgment [DE 60] is **GRANTED**;

2. Plaintiff's Amended Motion for Summary Judgment [DE 54-15] is **DENIED AS MOOT**;

3. Plaintiff's Motion to Supplement [DE 54] is **GRANTED**;

4. GuideOne's Motion for Leave to Exceed the Page Limit [DE 58] is **GRANTED**;

5. GuideOne's Motion for Leave to Seal Exhibits 14 & 21 [DE 59] is **GRANTED**;

6. Plaintiff's Motion to Exceed the Page Limitation [DE 69] is **GRANTED**;

7. GuideOne's Motion to Exceed the Page Limit [DE 71] is **GRANTED**;

8. GuideOne's Motion to Strike and Substitute [DE 72] is **GRANTED**.

*Rebecca Grady Jennings, District Judge*
United States District Court

March 1, 2022

Copies to:   Plaintiff

   Defendant