UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:19-CV-710-RGJ

CARRIE BLAKENSHIP                                                    Plaintiff

v.

GUIDEONE MUTUAL INSURANCE                               DEFENDANT
COMPANY

* * * * *

## MEMORANDUM OPINION AND ORDER

Carrie Blankenship ("Blankenship") moves to alter, amend, or vacate the Court's Order on summary judgment.  [DE 89].  Defendant GuideOne Mutual Insurance Company ("GuideOne") responded [DE 90] and Blankenship replied [DE 91].  GuideOne moved to strike exhibits to Blankenship's motion to alter [DE 92] and Blankenship responded [DE 93].  Briefing is complete, and the matter is ripe.  For the reasons below, Blankenship's Motion to Partially Alter, Amend, or Vacate the Judgment [DE 89] is **DENIED**, and GuideOne's Motion to Strike [DE 92] is **DENIED**.

## I.     BACKGROUND

The facts are detailed in the Court's Order on summary judgment.  [DE 86].  At issue is the Court's ruling on GuideOne's and Blankenship's Motions for Summary Judgment.  The Court granted GuideOne's motion and dismissed this action with prejudice.  [DE 87].  Blankenship now moves the Court to vacate portions of its Memorandum Opinion & Order granting summary judgment to GuideOne.  [DE 89].

## II.     MOTION TO ALTER JUDGMENT [DE 37]

Blankenship argues that the Court has committed a clear error of law and must remedy this error to prevent manifest injustice.  [DE 89].  This argument is based on what Blankenship believes

1

was a misunderstanding of the facts and law on her underlying claims.  [*Id.* at 2258].  GuideOne Contends that Blankenship's arguments are meritless.  [DE 90 at 2312].  Blankenship's arguments can be split into two categories: (1) arguments based on the facts and (2) arguments based on the applicable law.

### A.  Standard

"District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008).  "A district court may modify, or even rescind, such interlocutory orders." *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991).

Although the Federal Rules of Civil Procedure do not expressly provide for "motions for reconsideration," courts generally construe such motions as motions to alter or amend a judgment under Rule 59(e).  *See Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990).  The Sixth Circuit has consistently held that a Rule 59 motion should not be used either to reargue a case on the merits or to reargue issues already presented, *Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)), or otherwise to "merely restyle or rehash the initial issues," *White v. Hitachi, Ltd.*, No. 3:04-CV-20, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008) (internal quotation marks and citation omitted).

"It is not the function of a motion to reconsider arguments already considered and rejected by the court." *White*, 2008 WL 782565, at *1 (citation omitted).  When a party views the law in a light contrary to that of this Court, its proper recourse is not a motion for reconsideration but appeal to the Sixth Circuit. *Helton v. ACS Grp.*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997).  Moreover,

"parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *United States v. Smith*, Case No. 3:08-cr-31-JMH, 2012 WL 1802554, at *1 (E.D. Ky. May 2012) (quoting *Roger Miller Music*, 477 F.3d at 395).

For these reasons, the Sixth Circuit instructs that a motion for reconsideration should be granted only in four situations: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (internal quotation marks and citation omitted). Because there is an interest in the finality of a decision, motions for reconsideration "are extraordinary and sparingly granted." *Marshall v. Johnson*, No. CIV.A.3:07-CV-171-H, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007) (citing *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)).

## B. Analysis

### i.  *Arguments related to the facts*

First, Blankenship argues that the Court failed to acknowledge claims alleged in the *Ensey* Lawsuit. [DE 89 at 2260]. This is incorrect. The Court accurately summarized the three claims asserted in the referenced complaint. [DE 60-7]. The Court also noted the existence of an amended complaint and summarized the additional claims. [DE 86 at 2211–12]. For the sake of brevity, the Court did not explain every detail of the amended complaint in the *Ensey* Lawsuit. [*Id.*]. Blankenship's argument is irrelevant and has already been rejected by the Court. *See White*, 2008 WL 782565, at *1.

Next, Blankenship argues that GuideOne was on notice of negligence claims against Blankenship. [DE 89 at 2261]. In its Order on summary judgment, the Court stated, "GuideOne claims that the plaintiffs in the *Ensey* Lawsuit 'never pleaded, nor was GuideOne ever put on

notice, of an ordinary negligence claim against Blankenship.'" [DE 86 at 2212 (quoting DE 60-1 at 1414)].  The Court merely restated an argument made by GuideOne.  Therefore, this argument is irrelevant and is not a basis for a motion to alter judgment.  *See Leisure Caviar*, 616 F.3d at 615.

Blankenship next argues that Nikoletta Nunley ("Nunley") cannot be found to have committed criminal conduct because she was not charged and convicted.  [DE 89 at 2261].  Yet the report from Sgt. Shannon Lauder suggests otherwise.  [DE 60-5].  Examples of Nunley's abuse included jabbing children in the head with a ballpoint pen and slapping them in the face.  [*Id.* at 1513].  Moreover, Nunley admitted to abusing children when interviewed by authorities.  [*Id.* at 1515].  Nunley's abuse was an undisputed fact and alleged in vivid detail throughout the First Amended Complaint in the *Ensey* Lawsuit.  [DE 60-11].  Kentucky Courts have held that clearly criminal acts can be considered for the purpose of insurance policy exclusions even without a conviction in a court of law.  *See Emps. Ins. of Wausau v. Martinez*, 54 S.W.3d 142, 143–44 (Ky. 2001); *Robinson v. Monroe Guar. Ins. Co.*, No. 2016-CA-1667-MR, 2019 WL 3050522 (Ky. App. July 12, 2019).  Similarly, Blankenship supervised Nunley's conduct that was criminal by Nunley's own admission.  [DE 60-5 at 1515].  Any claims against Blankenship for her failure to supervise Nunley would have arisen from Nunley's criminal conduct, which was excluded by GuideOne's policy.  [DE 60-24 at 1778].  Accordingly, there was no clear error of law or manifest injustice that would warrant altering the Court's judgment.  *See Leisure Caviar*, 616 F.3d at 615.

Finally, Blankenship contends that Nunley was not the only employee that could have abused children at Kidz University.  [DE 89 at 2263].  However, Blankenship has not identified another party who may have abused children at the daycare.  A description of another person or their actions was not in the First Amended Complaint [DE 50-7], the motion for summary judgment [DE 50], or the state court judgment [DE 89-1].  The court cannot evaluate the merits of

4

claims based on the unknown actions of an unknown party.  Blankenship contends that testimony

from a child psychologist regarding surveillance video at Kidz University supported the negligence

claims against Nunley and other "staff."  [DE 89 at 2263–64].  This argument was not raised in

Blankenship's motion for summary judgment and the testimony is not part of the record.  [DE 50].

The Joint Local Rules for the Eastern and Western Districts of Kentucky require a party who cites

to authority not available electronically to attach a copy of that authority to the filing.  Local Rule

7.1(h).  Failing to attach a copy of the child psychologist's testimony violates Local Rule 7.1(h).

These arguments are inappropriate for a motion to alter because they violate Local Rule 7.1(h) and

because they were not raised in Blankenship's motion for summary judgment, see *Smith*, 2012 WL

1802554, at *1.[1]

> ii.   *Arguments related to the applicable law*

Blankenship, again, argues that the language in the First Amended Complaint [DE 89-3]

and the state court judgment [DE 89-1] triggered GuideOne's duty to defend.  [DE 89 at 2266].

As support for this argument, Blankenship cites the Court's previous Order in *Ensey on Behalf of*

*D.E. v. Shelter Gen. Ins. Co.*, No. 3:17-CV-642-RGJ, 2020 WL 807530 (W.D. Ky. Feb. 18, 2020).

[DE 89 at 2265].   Because the Court was examining different exclusions under a different

insurance policy and because the cases involved separate legal issues, the Court finds that its

opinion in *Shelter* is inapplicable.

Here, the Court held that "GuideOne had no duty to defend or indemnify because there was

no possibility of coverage."  [DE 86 at 2222].  Blankenship continues to cite case law holding that

an "insurance company must defend any suit in which the language of the complaint would bring

it within the policy coverage regardless of the merit of the action."  *Cincinnati Ins. Co. v. Richie*

---

[1] Unless Blankenship presented evidence of other staff whose negligence was within the scope of GuideOne's policy, then the child psychologist's testimony would not affect the outcome.

*Enters. LLC*, No. 1:12-CV-00186-JHM, 2014 WL 838768 (W.D. Ky. Mar. 4, 2014) (citing *James Graham Brown Found., Inc. v. St. Paul Fire & Marine Ins. Co.*, 814 S.W.2d 273, 279 (Ky. 1991)). However, Blankenship has failed to successfully distinguish Kentucky law holding that there is no duty to defend or indemnify if there is no coverage. *See Thompson v. W. Am. Ins. Co.*, 839 S.W.2d 579, 581 (Ky. App. 1992) ("The allegations of the complaint cannot compel a defense if coverage does not exist. The obligation to defend arises out of the insurance contract, not from the allegations of the complaint against the insured."). Accordingly, Blankenship has not established a basis for the Court to alter its Judgment. *See Leisure Caviar*, 616 F.3d at 615.

Blankenship also accuses the Court of negating a holding of the Kentucky Supreme Court, *James Graham Brown Found., Inc. v. St. Paul Fire & Marine Ins. Co.*, 814 S.W.2d 273 (Ky. 1991), by relying on an opinion by the Kentucky Court of Appeals. [DE 89 at 2269]. In its Order on summary judgment, the Court noted the factual similarities between Blankenship's case and *Robinson v. Monroe Guar. Ins. Co.*, No. 2016-CA-1667-MR, 2019 WL 3050522, at *2–3 (Ky. Ct. App. 2006). [DE 86 at 2219–21]. While the Court did not find the same factual similarities between this case and *James Graham Brown Foundation*, the Court did rely on the Kentucky Supreme Court's opinion in its order. [*Id.* at 2215]. There is no indication that *James Graham Brown Foundation* overruled *Robinson* or that the opinions are inconsistent. *See James Graham Brown Found., Inc.*, 814 S.W.2d at 279. Nor has Blankenship identified any conflict between the cases. [DE 89]. The Court finds that there was no clear error of law by relying in part on *Robinson's* factual similarities in its Order on summary judgment. *See Leisure Caviar*, 616 F.3d at 615.

Finally, Blankenship argues that GuideOne must defend Blankenship and provide coverage as a matter of public policy. [DE 89 at 2279]. This argument is based on Kentucky's requirement

that daycare facilities carry liability coverage of at least $100,000 per occurrence. [*Id.*]. The Kentucky Supreme Court held that "insurance carriers have the right to impose reasonable conditions and limitations on their insurance coverage even where coverage is required by law." *Jones v. Bituminous Cas. Corp.*, 821 S.W.2d 798, 802 (Ky. 1991). However, these conditions and limitations may violate public policy if they are unreasonable. *See id.* at 802–803 (discussing conditions in an insurance contract that interfered with mine safety regulations). Yet Blankenship has not articulated a particular condition or limitation that violates public policy. [DE 89]. Blankenship contends that GuideOne cannot include conditions or limitations in its policies because insurance is required by statute. [*Id.* at 2280]. However, *Jones* held that insurers are allowed to include reasonable conditions and limitations. *See* 821 S.W.2d at 802. Not only is this argument contrary to Kentucky law, but Blankenship also failed to articulate it in her motion on summary judgment. [DE 50]. The Court finds that Blankenship's public policy argument is not a basis to alter or amend its Judgment. *See Leisure Caviar*, 616 F.3d at 615.

Blankenship's motion fails to articulate a clear error of law or a manifest injustice that would require the Court to alter or amend its Judgment. *See id*. Most of the arguments in Blankenship's motion were considered and denied on summary judgment. *See White*, 2008 WL 782565, at *1. Accordingly, Blankenship's Motion to Partially Alter, Amend, or Vacate the Judgment [DE 89] is **DENIED**.

### III.    MOTION TO STRIKE [DE 92]

GuideOne moved to strike the attachments to Blankenship's motion to alter and corresponding reply. [DE 92]. GuideOne argues that parties cannot present evidence in a motion to reconsider under Rule 59(e). [*Id.* at 2408]. Blankenship contends that the evidence attached is proper under the circumstances. [DE 93].

Rule 12(f) of the Federal Rules of Civil Procedure governs motions to strike pleadings.[2] It provides that upon a motion made by a party, "[t]he court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  A court may strike portions of the pleading on its own initiative or "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(1)–(2).  "Motions to strike under Rule 12(f) are addressed within the sound discretion of the Court, although they are generally disfavored." *Hashemian v. Louisville Reg'l Airport Auth.*, No. 3:09-CV-951-R, 2013 WL 1788473, at *5 (W.D. Ky. Apr. 26, 2013) (citing *Ameriwood Indus. Int'l Corp. v. Arthur Andersen & Co.*, 961 F. Supp. 1078, 1083 (W.D. Mich. 1997) (internal citations omitted)).  "Striking a pleading is a drastic remedy to be resorted to only when required for purposes of justice." *Id.* (citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F. 2d 819, 822 (6th Cir. 1953)). "A motion to strike should be granted only where there is a clear showing that the challenged defense has no bearing on the subject matter and that permitting the matter to stand would prejudice the party." *Id.* (citing *Ameriwood*, 961 F. Supp. at 1083).

Here, the evidence attached to Blankenship's motion [DE 89] and reply [DE 91] was already in the record before the Court.  The Court reviewed the exhibits, which did not affect the outcome of the Court's decision on Blankenship's motion to alter.  As a result, the Court finds that Blankenship's exhibits were not prejudicial to GuideOne, nor did they raise any other concern identified by Rule 12(f).  *See Hashemian*, 2013 WL 1788473, at *5.  Because the exhibits are not

---

[2] Rule 12(f) does not apply to reply briefs because a reply is not a "pleading" under Rule 7(a).  *Masterson v. Xerox Corp.*, No. 3:13-CV-692-DJH, 2016 WL 4926439, at *5 n. 5 (W.D. Ky. Sept. 14, 2016).  Yet it is this Court's practice to address motions to strike filings beyond those listed in Rule 7(a).  *Id.* (citing *Pixler v. Huff*, No. 3:11-CV-00207-JHM, 2011 WL 5597327, at 16–17 (W.D. Ky. Nov. 17, 2011)).

new and because motions to strike are generally disfavored,  see *id.*, GuideOne's Motion to Strike [DE 92] is **DENIED**.

## IV.    CONCLUSION

Having considered the filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS** that:

(1)  Blankenship's Motion to Partially Alter, Amend, or Vacate the Judgment [DE 89] is **DENIED**; and

(2)  GuideOne's Motion to Strike [DE 92] is **DENIED**.

Rebecca Grady Jennings, District Judge

United States District Court

February 27, 2023

9